# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:02CR00011 |
| v. ) | **OPINION** |
| ) | |
| **TROY MINTER**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The question before the court is whether the defendant is eligible for a sentence reduction under 18 U.S.C.A. § 3582(c)(2) (West 2000), based on the recent lowering of the crack cocaine sentencing guidelines. Because the defendant's crime was subject to a statutory mandatory minimum term of imprisonment, I find that his sentence cannot be reduced, even though his original sentence was below the mandatory minimum because of his substantial assistance to the government.

I

On July 21, 2003, the defendant, Troy Minter, was sentenced by this court to 80 months in prison after pleading guilty to conspiracy to possess with intent to

distribute crack cocaine, in violation of 21 U.S.C.A. §§ 846 and 841(a)(1) (West 1999). The court found that under the Sentencing Guidelines Minter had a Total Offense Level of 27, with a Criminal History Category of V, resulting in a sentencing range of 120 to 150 months imprisonment. The charge to which Minter pleaded guilty carries a statutory mandatory minimum sentence of ten years, *see* 21 U.S.C.A. § 841 (b)(1)(A) (West 1999), but based on the government's motion, and because the defendant had provided substantial assistance in the prosecution of another person, the court was permitted to sentence him to less than the mandatory minimum, which it did. *See* 18 U.S.C.A. 3553(e) (West Supp. 2008).

The defendant has now moved for a sentence reduction under 18 U.S.C.A. § 3582(c)(2), based on the retroactive application of the reduced crack cocaine offense level.[1] He asserts that his reduced Total Offense Level should be 25, resulting in a sentencing range of 100 to 125 months. The defendant requests the court to reduce his sentence below the minimum term of the new guideline range in the same

---

[1] Effective November 1, 2007, the Sentencing Commission amended the Drug Quantity Table in § 2D1.1 so that crack cocaine quantities were generally lowered by two levels. *See* U.S. Sentencing Guideline Manual ("USSG") App. C Supp., amend. 706, as amended by amend. 711 (2007). Effective March 3, 2008, the Sentencing Commission made these amendments retroactive. *See* USSG App. C Supp. to 2007 Supp., amend. 713 (2008).

proportion that the original sentence was below the minimum of the original guideline range.[2]

Minter's motion is now ripe for decision.[3]

II

The motion is founded on the statute that allows the court to reduce a sentence "in the case of a defendant who has been sentenced based on a term of imprisonment on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(2). Any such reduction in sentence "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Under that policy statement, the court may not reduce the sentence "to a term that is less than the minimum of the amended guideline range," USSG § 1B1.10(b)(2)(A) (May 1, 2008 Supp.), but with one exception—if the original sentence was less than the guideline range, then a "reduction comparably less than the amended guideline range . . . may be appropriate," *id.* § 10(b)(2)(B).

---

[2] Minter originally received a departure of one-third from 120 months, resulting in a sentence of 80 months. A departure of one-third from the minimum of the new guideline range—100 months—would result in a sentence of 67 months. The defendant suggests that a sentence of no greater than 70 months would result in his release on time served. (Def.'s Mot. ¶ 9.)

[3] The government was granted an opportunity to respond to the Motion to Reduce Sentence, but has not done so, and the time to respond has expired.

-3-

It has been held that a defendant who committed a crime subject to a mandatory minimum sentence is not eligible for reduction, even though the sentence was less than the mandatory minimum because of a substantial assistance motion, on the ground that the original sentence was not "based on a guideline range" as required by § 3582(c)(2), but rather on a downward departure from the mandatory minimum. *See United States v. Ortiz*, No. 04 Cr. 268(HB), 2008 WL 709488, at *6-7 (S.D.N.Y. Mar. 17, 2008); *see also United States v. Donnell*, No. 02-37-P-H, 2008 WL 564647, at 1 (D. Me. Feb. 29, 2008) ("It is true that twice I reduced the sentence for substantial assistance, but each time I measured the reduction from the statutory 20 years, not from any Guideline range created by the cocaine base (crack) quantity.").

Using a somewhat different analysis, relief has been also denied in this situation on the ground that where the statutory mandatory minimum sentence is above the maximum of the applicable guideline range, the mandatory minimum is deemed by the Sentencing Guidelines to be the guideline sentence. *See United States v. Veale*, No. 03-CR-167, 2008 WL 619176, at *2 (N.D.N.Y. Mar. 3, 2008) (citing USSG § 5G1.1(b) (2007)). Under this analysis, the mandatory minimum remains the guideline sentence, even through there was a downward departure for substantial assistance below the statutory minimum at the original sentencing, and thus there has been no "lowering of the guideline range," as required by § 3582(c)(2). *See id.*; *see*

-4-

*also United States v. Joiner*, No. 2:04 CR 20025-02, 2008 WL 1902721, at *2 (W.D. La. Apr. 29, 2008) ("Although [the defendant] was not sentenced to the . . . minimum mandatory sentence because of the Government's Rule 35 motion, the ultimate sentence was still not a Guidelines sentence, but a statutory sentence . . . .").

Unfortunately, the Sentencing Commission's policy statement does not expressly answer the present question. While the commentary does state that "a reduction in the defendant's term of imprisonment is not authorized . . . if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)," USSG § 1B1.10 cmt. n.1(A), that language could simply mean that so long as the defendant still remains subject to service of a statutory sentence, his sentence cannot be reduced. It does not definitively answer the question of whether a reduction is possible if the defendant was not in fact sentenced to a statutory mandatory minimum sentence.

Nevertheless, in spite of such ambiguity, I find that Minter is not eligible for a reduction in sentence. It is true that USSG § 5G1.1(b), relied on by some courts, does not strictly apply to Minter's case, since his minimum guideline sentence and the statutory mandatory minimum were the same—120 months. For Minter the statutory mandatory minimum was not above the maximum of the applicable

guideline range, and thus the mandatory minimum was not deemed by § 5G1.1(b) to be the guideline sentence. However, the fact remains that Minter's sentence was not based on the applicable guideline range and therefore § 3582(c)(2) does not authorize a reduction in sentence. This is because a downward departure following the government's motion under 18 U.S.C.A. 3553(e) based on substantial assistance is from the applicable statutory mandatory minimum and not from the minimum guideline range. *United States v. Pillow*, 191 F.3d 403, 407-08 (4th Cir. 1999) (holding that the district court did not err in calculating the extent of departure from the mandatory minimum and not from the lower guideline minimum). Minter's sentence was not based on his crack guideline range and by its terms, § 3582(c)(2) does not apply.

Minter argues that this result is inequitable, because it precludes defendants who have previously cooperated with the government from receiving the benefit of the Sentencing Commission's determination that crack cocaine sentences have been excessive, when compared to power cocaine sentences. The ultimate fault there, however, lies with the statutory mandatory minimum sentences enacted by Congress, over which the Sentencing Commission has no control.[4]

---

[4] Another arguable inequity lies in the fact that defendants who were sentenced below a mandatory minimum because of the application of the so-called "safety valve" provision, 18 U.S.C.A. § 3553(f) (West 2000), <u>are</u> eligible for a reduction under § 3582(c)(2). *See*

-6-

Case 1:02-cr-00011-JPJ   Document 407   Filed 06/11/08   Page 6 of 7   Pageid#: 249

III

For the foregoing reasons, the Motion to Reduce Sentence will be denied. A separate order will be entered herewith.

>DATED: June 11, 2008
>
>/s/ JAMES P. JONES
>Chief United States District Judge

---

*United States v. Clark*, No. 5:06CR00039-001, 2008 WL 916090, at *1 n. (W.D. Va. Apr. 2, 2008) (Conrad, J.) (granting reduction for defendant who was originally sentenced below the statutory mandatory minimum because of the safety valve provision). The safety valve provision allows a sentence "without regard" to the mandatory minimum if the defendant meets the necessary criteria, rather than a sentence "below" the mandatory minimum as under the substantial assistance statute, and the difference in statutory language requires the different result. *See United States v. Pillow*, 191 F.3d at 407-08. Under the safety valve, the mandatory minimum disappears and the sentence is based on the guideline range, while under the substantial assistance statute, the court determines a downward departure based on the mandatory minimum. *See id.*